Dolan, P J.
This is an action in which plaintiff, a 50% beneficiary of an estate and a trust, seeks damages from defendant who allegedly collected from trust assets, without authorization, a legal fee for services rendered by him to an estate. The court allowed defendant’s Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6) motion to dismiss for failure to state a claim upon which relief can be granted and plaintiff appealed to this division. There is no error.
On September 8,1986, Manual L. Coutinho died testate. Francis A Coutinho was appointed executor and Alan L. Coutinho, and plaintiff were each 50% beneficiaries. Defendant provided legal services to the estate and submitted a bill for legal services and expenses rendered to the estate, plus interest. In the total amount of $24,493. On January 17,1990, the Probate Court allowed the first and final account of the executor of the estate; the account made no mention of attorney’s fees. The assets of the estate were insufficient to pay defendant’s charges.
The plaintiff is also a 50% beneficiary of MLC Realty Trust. On January 2,1990, the defendant represented MLC Realty Trust at a closing of the sale of certain real estate owned by the trust. From the proceeds of the sale of trust real estate, defendant dispersed to himself $12,246.50, claiming that amount as 50% of his charges for representing the Estate of Manual L. Coutinho. Plaintiff seeks damages for the disbursement of trust funds to defendant.
Plaintiff has no standing to sue defendant because the funds distributed to the defendant came from the trust. As a trust beneficiary, his rights are fundamentally equitable. “Among the forms of equitable relief to which abeneficiary may be entitled are... recovery of trust property or its substitute byway of a constructive trust, and the recovery of money by way of an equitable lien.” SIMPSON AND ALPERIN, SUMMARY OF BASIC LAW. §2116 (2d ed. 1974). District Courts do not have general equitable jurisdiction in civil cases. G.L.c. 218, §19.
Report dismissed.